***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission hereby affirms Deputy Commissioner Glenn's Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties before the Deputy Commissioner are:
 FINDINGS OF FACT
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Plaintiff is an inmate of the North Carolina Department of Correction.
3. Plaintiff filed a Tort Claim Affidavit with the Industrial Commission on March 27, 2002, alleging negligence on behalf of Mrs. Vankuren and "John Doe."
4. Plaintiff, on November 2, 2001, underwent surgery at UNC Hospital to remove a kidney stone from Plaintiff's right kidney.
5. Plaintiff testified at the hearing before the Deputy Commissioner that a January 4, 2002 appointment to remove a stint was canceled due to inclement weather.
6. Plaintiff further testified that the stint was not removed until January 28, 2002 at UNC Hospital.
7. Plaintiff claims that it was negligence on defendant `s part for failing to cause the stint to be removed prior to January 28, 2002. Plaintiff did not offer any medical evidence as to whether the care he received was the same standard of care that should be provided in the community in which he lives or that the care he received failed below the standard of care that is required.
8. The greater weight of the competent evidence of the record establishes that plaintiff has failed to show that he has incurred any damages as a result of any negligence of any employee or agent of defendant.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. That pursuant to N.C. Gen. Stat. § 90-21.12, in order to recover in a medical malpractice action, Plaintiff must show that the Defendant's physician provided Plaintiff with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that generally, expert testimony is necessary to establish this standard of care.
2. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. N.C. Gen. Stat. § 143-291.
3. Plaintiff failed to present competent and credible evidence establishing the applicable standard of care owed to Plaintiff by each named negligent employee; nor did Plaintiff present any competent medical or psychological evidence showing that the named employees breached any duty owed to Plaintiff.
4. Plaintiff failed to present competent expert medical or psychological evidence to support his contention that the named negligent doctors breached the applicable standard of care owed Plaintiff.
 That Plaintiff's claim should be dismissed with prejudice.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Undersigned enters the following
 ORDER
1. Plaintiff's claim for benefits under the North Carolina Tort Claims Act is denied.
2. Each party shall bear its own costs.
This the ___ day of June, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER